IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE T. SAMPLE, JR.,

    Petitioner,                    No. CIV S-08-2002 GEB DAD P

   vs.

D.K. SISTO, Warden

    Respondent.             FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2003 conviction in the Solano County Superior Court for second degree robbery (Cal. Penal Code § 211) and driving a vehicle while evading police (Cal. Vehicle Code § 2800.2(a)). The jury in petitioner's case also found four prior prison term (Cal. Penal Code § 667.5) and two prior strike conviction (Cal. Penal Code §§ 667(a)(1), 667(b)-(e), 1170.12(a)) enhancement allegations to be true. (Mot. to Dismiss (MTD), Ex. 1, Appendix A (Doc. No. 13, Part 2 at 45) at 1.) Petitioner was sentenced to state prison for a term of fifty years to life. (MTD at 2.) Before the court is respondent's motion to dismiss the pending habeas petition as untimely.

/////

/////

1

I. The Arguments of the Parties

Respondent asserts that petitioner filed his federal habeas petition after the applicable one-year statute of limitations had expired. In this regard, respondent represents as follows. Petitioner's petition for review filed with the California Supreme Court was denied on January 3, 2007. (MTD, Ex. 1.) Petitioner's judgment of conviction therefore became final on April 3, 2007, ninety days after the California Supreme Court denied review. (Id. at 2.) Since the federal petition was not filed until August 26, 2008, the petition was clearly untimely. (Id.) Although on August 19, 2008, petitioner filed a habeas petition with the California Supreme Court that petition, which is still pending, was filed after the federal statute of limitations had expired and cannot revive the expired federal statute of limitations. (Id. at 3 and Ex. 2.)

Petitioner does not dispute respondent's calculation with respect to the running of the statute of limitations. Instead, petitioner describes his thirteen claims and requests a "certificate of appealability" so that his claims may be heard on "appeal." (Opp'n at 5.) In this regard, petitioner refers to the Federal Rules of Appellate Procedure and the legal standards governing the obtaining of a certificate of appealability. (Id.)

II. Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period of limitation applies to all federal habeas petitions filed after the statute was enacted. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). Because this action was commenced in 2008, the AEDPA period of limitation is applicable to the petition.

Under 28 U.S.C. § 2244(d)(1), the statute of limitations begins to run from the latest of:

    (A) date on which judgment became final by the conclusion of direct review or that time period;

/////

(B) date on which the impediment to filing an application is removed;

(C) date on which the constitutional right asserted was initially recognized by the Supreme Court; or

(D) date on which the factual predicate of the claim(s) could have been discovered

In this case, under § 2244(d)(1)(A), petitioner's judgment of conviction became final on April 3, 2007, after the expiration of the ninety-day period during which he could have filed a petition for a writ of certiorari with the United States Supreme Court following the denial of review by the California Supreme Court. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations began to run on April 4, 2007 and ran uninterrupted until it expired on April 4, 2008. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure applies in computing the limitations period). Because petitioner did not file his federal habeas petition until August 26, 2008, the petition was untimely by over four months. Petitioner's habeas petition filed with the California Supreme Court on August 19, 2008, does not toll the statute of limitations because it was filed after the one-year limitations period for the filing of a federal petition had already expired. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001)(holding that the filing of a state habeas petition after the AEDPA statute of limitations has elapsed bars federal habeas review), cert. denied 538 U.S. 949 (2003) .

Finally, petitioner has not provided any explanation for his delay in filing his federal petition that would entitle him to equitable tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (requiring diligence and extraordinary circumstances for equitable tolling).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's October 10, 2008 motion to dismiss the petition as untimely (Doc. No. 13) be granted; and

2. This action be dismissed.

/////

1    These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: May 11, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
sam2002.mtd